UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT BOWLING GREEN

WILLIAM M. DERKSEN                                                              PLAINTIFF

v.                                               CIVIL ACTION NO. 1:13CV-P194-R

MELISSA CAUSEY                                                     DEFENDANT

**MEMORANDUM OPINION AND ORDER**

Plaintiff William M. Derksen, a prisoner proceeding *in forma pauperis*, filed a *pro se* complaint pursuant to 42 U.S.C. § 1983 (DN 1). This matter is before the Court for initial review pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). For the reasons set forth below, the official-capacity claim alleging a failure to protect will be dismissed and the individual-capacity claim alleging a failure to protect will proceed.

**I. SUMMARY OF CLAIMS**

Plaintiff brings this action against Melissa Causey, Chief Deputy, Warren County Regional Jail [WCRJ] in both her individual and official capacities. As relief, Plaintiff seeks monetary damages and for Defendant to be discharged from her duties.

Plaintiff represents that on or about November 16, 2013, Defendant housed him in a "one men cell segregation due to [his] sexual orientation." Plaintiff states that he informed Defendant that his "Constitutional Rights [had] been violated due to discrimination." In response, according to Plaintiff, Defendant stated, "I HATE FAGGOTS I HOPE YALL ROT IN HELL I HAVE SOMETHING FOR YOUR A**." Plaintiff states that 30 minutes later, Defendant opened his cell door, stated "Good Lucky," and housed a registered sex offender in the cell with him. According to Plaintiff, soon after Defendant secured the cell door, Plaintiff's new cellmate

covered Plaintiff's mouth with a pillowcase to keep him "from getting unwanted attention" and proceeded to sexually assault Plaintiff.

Plaintiff states that he did not immediately inform anyone of the assault because of his cellmate's threats. However, according to Plaintiff, he wrote a note asking to speak to someone and slid the note under the cell door after his cellmate fell asleep. Plaintiff states that a Lieutenant Penelton pulled Plaintiff out of the cell. According to Plaintiff, he asked the lieutenant to remove him from the cell, but the lieutenant informed Plaintiff that he could not be moved "per Chief Deputy Melissa Causey." Plaintiff states he was placed back in the cell. According to Plaintiff, the inmate who had sexually assaulted him was removed from the cell the following day.

## II. STANDARD OF REVIEW

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the complaint, or any portion of it, if it determines that the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A; *McGore v. Wrigglesworth*, 114 F.3d at 604. A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The trial court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327. In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its

face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

"[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "But the district court need not accept a 'bare assertion of legal conclusions.'" *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d at 488 (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)). The court's duty "does not require [it] to conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979), or to create a claim for a plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require the Court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### III. LEGAL ANALYSIS

*A. Official-Capacity Claim*

"Official-capacity suits . . . 'generally represent [] another way of pleading an action against an entity of which an officer is an agent.'" *Kentucky v. Graham*, 473 U.S. 159, 165 (1985) (quoting *Monell v. Dep't of Soc. Servs. of the City of N.Y.*, 436 U.S. 658, 690 n.55 (1978)). Suing Defendant in her official capacity is the equivalent of suing her employer, Warren County. *See Lambert v. Hartman*, 517 F.3d 433, 439-40 (6th Cir. 2008) (stating that

3

civil rights suit against county clerk of courts in his official capacity was equivalent of suing clerk's employer, the county). When a § 1983 claim is made against a municipality, this Court must analyze two distinct issues: (1) whether Plaintiff's harm was caused by a constitutional violation; and (2) if so, whether the municipality is responsible for that violation. *Collins v. City of Harker Heights*, *Tex*., 503 U.S. 115, 120 (1992).

Regarding the second issue, *i.e.*, whether the municipality is responsible for the alleged constitutional violation, "a municipality cannot be held liable *solely* because it employs a tortfeasor – or, in other words, a municipality cannot be held liable under § 1983 on a *respondeat superior* theory." *Monell v. Dep't of Soc. Servs. of the City of N.Y.*, 436 U.S. at 691; *accord Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994); *Berry v. City of Detroit*, 25 F.3d 1342, 1345 (6th Cir. 1994). "The 'official policy' requirement was intended to distinguish acts of the *municipality* from acts of *employees* of the municipality, and thereby make clear that municipal liability is limited to action for which the municipality is actually responsible." *Pembaur v. Cincinnati*, 475 U.S. 469, 479 (1986).

A municipality cannot be held responsible for a constitutional deprivation unless there is a direct causal link between a municipal policy or custom and the alleged constitutional deprivation. *Monell v. Dep't of Soc. Servs. of the City of N.Y.*, 436 U.S. at 694; *see Deaton v. Montgomery Cnty., Ohio*, 989 F.2d 885, 889 (6th Cir. 1993) ("Congress did not intend § 1983 liability to attach where causation is absent."). Simply stated, "a plaintiff must 'identify the policy, connect the policy to the city itself and show that the particular injury was incurred because of the execution of that policy.'" *Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993) (quoting *Coogan v. City of Wixom*, 820 F.2d 170, 176 (6th Cir. 1987), *overruled on*

4

*other grounds by Frantz v. Vill. of Bradford*, 245 F.3d 869 (6th Cir. 2001)). The policy or custom "must be 'the moving force of the constitutional violation' in order to establish the liability of a government body under § 1983." *Searcy v. City of Dayton*, 38 F.3d at 286 (quoting *Polk Cnty. v. Dodson*, 454 U.S. 312, 326 (1981) (citation omitted)).

In the instant case Plaintiff has not alleged that a municipal policy or custom caused his alleged harm. Plaintiff's complaint appears to contain allegations of an isolated occurrence affecting only Plaintiff. *See Fox v. Van Oosterum*, 176 F.3d 342, 348 (6th Cir. 1999) ("No evidence indicates that this was anything more than a one-time, isolated event for which the county is not responsible."). As nothing in the complaint demonstrates any purported wrongdoing occurred as a result of a policy or custom implemented or endorsed by Warren County, the complaint fails to establish a basis of liability against the municipality, thus it fails to state a cognizable § 1983 official-capacity claim.

## B. *Individual-Capacity Claim*

An Eighth Amendment failure-to-protect claim has both an objective and subjective component. First, "to establish a constitutional violation based on failure to protect, a prison inmate . . . must show that the failure to protect from risk of harm is objectively 'sufficiently serious.'" *Bishop v. Hackel*, 636 F.3d 757, 766 (6th Cir. 2011) (quoting *Farmer v. Brennan*, 511 U.S. 825, 833 (1994)). "The inmate must show that 'he is incarcerated under conditions posing a substantial risk of serious harm.'" *Id.*

Second, "a plaintiff also must show that prison officials acted with [subjective] 'deliberate indifference' to inmate health or safety." *Id.* (quoting *Farmer v. Brennan,* 511 U.S. at 834). A plaintiff must show "more than ordinary lack of due care for the prisoner's interests or safety." *Farmer v. Brennan*, 511 U.S. at 835 (citation and quotations omitted). The

5

subjective requirement is met only where a plaintiff demonstrates that prison officials acted with "deliberate indifference" to a substantial risk of harm. An official is deliberately indifferent where "the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of the facts from which the inference could be drawn that a substantial risk of harm exists, and he must also draw the inference." *Id.* at 837. "[A]n official's failure to alleviate a significant risk that he should have perceived but did not, while no cause for commendation, cannot . . . be condemned as the infliction of punishment." *Id.* at 838. In analyzing the subjective component, a district court should consider each defendant's state of mind individually, not collectively. *Bishop v. Hackel*, 636 F.3d at 767.

Additionally, "prison officials who actually knew of a substantial risk to inmate health or safety may be found free from liability if they responded reasonably to the risk, even if the harm ultimately was not averted." *Farmer v. Brennan*, 511 U.S. at 844. "Whether one puts it in terms of duty or deliberate indifference, prison officials who act reasonably cannot be found liable under the Cruel and Unusual Punishment Clause." *Id.* at 845.

Upon consideration, the Court will allow the failure-to-protect claim against Defendant in her individual capacity to proceed.

## IV. <u>CONCLUSION AND ORDER</u>

For the reasons set forth more fully above, and the Court being otherwise sufficiently advised,

**IT IS ORDERED** that the individual-capacity claim against Defendant Causey alleging a failure to protect will proceed.

**IT IS FURTHER ORDERED** that the official-capacity claim against Defendant Causey alleging a failure to protect is **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.

The Court will enter a separate Scheduling Order governing the development of the continuing claim. In permitting this claim to continue, the Court passes no judgment on the merit and ultimate outcome of the action.

Date:

cc: Plaintiff, *pro se*
 Defendant
 Warren County Attorney
4413.003